**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Amonise Prophete,<br>Petitioner<br>-vs-<br>Eric Rokosky, et al.,<br>Respondents. | CV-26-5584-PHX-JFM<br><br>**Order** |

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed August 11, 2026 (Doc. 1).

**Factual Background** – The facts in this case are not in significant dispute.

Petitioner is a native and citizen of Haiti. On August 31, 2022 Petitioner arrived at the Hidalgo, Texas Port of Entry, seeking admission through the CBP One process. She was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). Subsequently, Petitioner applied for and was granted "Temporary Protected Status" pursuant to section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254a. That provision authorizes the government to grant citizens and certain residents of designated foreign states a "temporary protected status in the United States," a preclusion of removal while the status is in effect, and authorization to work. Petitioner's TPS status was granted for the period "11/07/2023 to 8/03/2024." Her removal proceedings were terminated and she applied for asylum. Petitioner's TPS was not extended, and expired on August 3, 2024.

On August 4, 2026 Petitioner was riding on an interstate in a vehicle which was stopped by immigration officials. Petitioner was taken into custody by immigration officials pursuant to a Warrant for Arrest of Alien pursuant to INA § 236 (8 U.S.C. § 1226) issued the same day. Petitioner has been charged as a removable who has "applied for admission" without travel documents. Petitioner's asylum application remains pending,

and she has a master calendar hearing set for August 21, 2026. She remains in custody.

**Briefs** – The Petition (Doc. 1) argues that Petitioner's arrest without prior notice and opportunity to be heard and without any opportunity to seek release, violates her Fifth Amendment Due Process rights, and the Administrative Procedures Act.

Respondents argue (Doc. 6) Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) subject only to parole pursuant to 8 U.S.C. § 1182(d)(5), that her temporary parole has "now expired." Respondent further argue that Petitioner has no due process rights beyond those provided by statute because she is, for constitutional purposes, on the threshold of the country.

Petitioner replies (Doc. 7) that, by virtue of the grant of Temporary Protected Status termination of her removal proceedings, and her having been allowed to stay in country whilst her asylum application was accepted and remained pending, means she is no longer on the threshold, has effected a legally cognizable entry and is entitled to due process and the application of 8 U.S.C. § 1226 to her detention.

**Bond Determination Required** - Had the Government kept Petitioner detained, or simply paroled her under 8 U.S.C. § 1182(d)(5) while continuing to process her removal and asylum application, the Court would have concluded that she was subject to mandatory detention under 8 U.S.C. § 1225, and that, under the entry fiction, she had not entered into the country and therefore the only process due her was that provided by Congress, *i.e.* none other than consideration for release under § 1182(d)(5). *See Leng May Ma v. Barber*, 357 U.S. 185 (1958); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207 (1953); and *Jennings v. Rodriguez*, 583 U.S. 281, 287-288 (2018). *See also e.g.*, *Ibarra-Perez v. Howard*, CV-20-0739-PHX-DWL, 468 F. Supp. 3d 1156, 1177 (D. Ariz. 2020) (finding no limitation on detention under 8 U.S.C. § 1225 during removal proceedings); and *Munoz v. Bondi*, CV-25-02951-PHX-MTL, 2026 WL 380610, at *1 (D. Ariz. Feb. 11, 2026) (same).

But here, Respondents do not counter Petitioner's assertion that her removal proceedings were terminated in 2023. By releasing her and then terminating her removal

proceedings, Respondents allowed Petitioner to effect a constitutionally cognizable entry into the United States. As such Petitioner attained due process rights beyond those granted by Congress. *See also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (finding aliens subject to diminished constitutional protections and that hearing under "§ 1226(a)'s procedures satisfy due process, both facially and as applied" in that case).

Both parties agree that Petitioner had originally been released from detention under § 1225 pursuant § 1182(d)(5).[1] However, once Petitioner remained in country after the termination of her removal proceedings, she became an "unadmitted alien[ ] present in the interior of the country," and subject to detention under § 1226. *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026). This conclusion is bolstered by the fact that Petitioner's arrest was pursuant to a warrant and founded upon section 1226.

Thus, in the absence of any showing that Petitioner is now mandatorily detained under § 1226(c), Petitioner is entitled at a minimum to a post-deprivation bond hearing under § 1226. 8 C.F.R. § 236.1(d)(1). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Respondents have posited no basis for application

[1] While such release remains subject to termination, it can be terminated only "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C.A. § 1182(d)(5)(A). Respondents proffer nothing to show such a determination had been made. Respondents further protest that Petitioner's release authorization "expired." But Respondents provide no evidence of such. For example, they have provided no record showing that such release was for a pre-determined, limited time. At most, they show her TPS terminated. But her release was not part of her grant of Temporary Protected Status. (*See* Response, Doc. 6, Exh. C, Notice of Action on TPS ("The benefits of TPS are temporary protection from removal (or deportation), employment authorization in the United States, and the opportunity to apply for travel authorization.") Rather, both parties agree that Petitioner had been released pursuant § 1182(d)(5). While such release remains subject to termination, it can be terminated only "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C.A. § 1182(d)(5)(A). Respondents proffer nothing to show such a determination had been made. It is also true that service of a "charging document" generally terminates a § 1182(d)(5) release. *See* 8 C.F.R. § 212.5(e)(2)(i). But Petitioner had not been served with a charging document prior to her detention. Her Notice to Appear was issued August 9, 2026, some five days after her detention commenced. (*See* Response, Doc. 6, Exh. A, NTA at 1.)

of § 1226(c). Accordingly, Petitioner is entitled to a bond determination hearing. *See* 8 C.F.R. § 1236.1(c)(8).

**Right to Pre-Deprivation Hearing** – Petitioner argues she was entitled to a pre-deprivation hearing, and thus release is the appropriate remedy. This Court has previously found such a right for an alien who had already attained release upon a finding under § 1226 they are not a flight risk or danger to the community. In *Beltran Ruiz v. Mullins*, No. CV-26-04542-PHX-JFM (D. Ariz. July 15, 2026), this Court found a right to deprivation hearing where the alien found in country had been released on his own recognizance pursuant to § 1226. *See also Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1130 (E.D. Cal. 2025) (petitioner was an arriving alien seeking asylum, but was released on his own recognizance pursuant to 8 U.S.C. § 1226).

Here, Petitioner's only "release" was pursuant to § 1182(d)(5), not § 1226. But release under § 1182(d)(5) also depends upon a finding that "the aliens present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). As such, Petitioner had a due process right to a pre-detention hearing before re-detention. *See R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1105-1106 (E.D. Calif. 2026).

**Release an Appropriate Remedy** – Here, affording Petitioner a post-deprivation bond hearing does not cure the violation of her interest in a pre-deprivation hearing. Petitioner has already been detained for some two weeks without adequate justification. Moreover, simply having her released without protection from immediate re-detention without pre-deprivation due process is a hollow remedy.[2] *See R.A.N.O. v. Wofford*, 820 F. Supp. 3d at 1105-1106 (discussing appropriate remedy); and *Beltran Ruiz*, *supra*.

**IT IS THEREFORE ORDERED:**

(A) Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(B) Respondents must **RELEASE** Petitioner immediately on the same terms she was

[2] Petitioner seeks an award of attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Such applications are inappropriate until after judgment has become final by conclusion of appeal or expiration of the time therefor. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007).

released prior to her re-detention.

(C) Within three days of the filing of this Order, Respondents must file a **NOTICE OF COMPLIANCE** reporting the particulars of Petitioner's release

(D) Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, with prior notice to Petitioner and an opportunity for her to be heard, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

(E) The Clerk must enter **JUDGMENT** accordingly and close this case.

Dated: August 20, 2026

26-5584-001o Order 26 08 19 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge